## STATE OF TENNESSEE
## CIRCUIT COURT OF MADISON COUNTY

Edmund and Marion Martin

**Plaintiffs**

Vs.

BANKERS LIFE AND CASUALTY COMPANY, INC.,

**Defendant(s)**

**ALIAS SUMMONS IN A CIVIL ACTION**

No. C-08-99

Bankers Life & Casualty Company, Inc.
c/o Commissioner of Insurance
Department of Commerce & Insurance
500 James Robertson Parkway
Davy Crockett Tower
Nashville, TN 37243-0565
Address

To the above named defendant(s):

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon **Wesley A. Clayton** who is plaintiff's Attorney, whose address is **P.O. BOX 726 JACKSON, TN, 38302**, within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, a judgment by default will be taken against you for the relief demanded in the complaint.

Issued this 19 day of Aug, 2008.

JUDY BARNHILL, Clerk

By: AMcDonald
Deputy Clerk

IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE PLEASE CALL 731-988-3070

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the 19 day of Aug., 2008, I served this summons together with a copy of the complaint as follows:

Brittany M. Wood
Sheriff
Deputy Sheriff

07-06470

IN THE CIRCUIT COURT FOR MADISON COUNTY, TENNESSEE
AT JACKSON



| | )| |
|---|---|---|
| EDMUND and MARION MARTIN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. C-08-99 |
| | ) | JURY DEMAND |
| BANKERS LIFE AND CASUALTY COMPANY, INC. | ) | III Judge Pay |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

The Plaintiffs, Edmund Martin and Marion Martin, show for their cause of action to the Court as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are citizens of Jackson, Madison County, Tennessee.

2. Defendant Bankers Life and Casualty Company, Inc. (hereinafter "Bankers Life") is a foreign for-profit corporation authorized to sell insurance in the State of Tennessee. Bankers Life writes long-term care insurance policies and upon information and belief Bankers Life negotiated, maintained and is the claims administrator of the long-term care insurance contract at issue in this case.

3. Defendant Bankers Life may be served by service of process upon its Registered Agent, the Commissioner of the Tennessee Department of

dollars ($1,700.00) to achieve the necessary benefit level to cover their monthly expenses for long-term care at Cheyenne Trace.

10. Cheyenne Trace provides Bankers Life with an itemized bill each month so that the Martin's long-term care benefits will be paid after the expense has been incurred pursuant to the Bankers Life policy. The itemized bills from Cheyenne Trace are attached hereto as Exhibit B.

11. Since the Plaintiffs became eligible to receive long-term care benefits under the Bankers Life policy on May 3, 2007, monthly payments have been sporadic and fraught with errors.

12. Bankers Life retroactively declined Mr. Martin's claim for benefits under the long-term care policy and is now seeking to deduct over-payment of the Martin's expenses at Cheyenne Trace from future claims under the policy.

### III. BREACH OF CONTRACT

13. The Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 12 above.

14. The Defendant, Bankers Life, breached the long-term care insurance contract by failing to provide timely and correct benefit payments as set forth in the policy.

15. As a proximate result of said breach of contract, the Plaintiffs have been damaged in an amount to be determined by a fair and impartial jury.

## IV. VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

16. The Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 15 above.

17. By engaging in the unfair and deceptive conduct as alleged herein, the Defendant is in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101 et seq.

18. As a proximate result of said violation, the Plaintiffs have been damaged in an amount to be determined by a fair and impartial jury at trial.

## V. BAD FAITH

19. The Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of the Defendant as alleged herein is in bad faith in violation of Tenn. Code Ann. § 56-7-105 et seq.

21. As a proximate result of said violation, the Plaintiffs have been damages in an amount to be determined by a fair and impartial jury.

## VI. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

22. The Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1-21.

23. The conduct of the Defendant as alleged herein is a violation of the covenant of good faith and fair dealing in the performance of contracts.

24. As a proximate result of said violation, the Plaintiffs have been damaged in an amount to be determined by a fair and impartial jury at trial.

WHEREFORE, Plaintiffs demand a trial by jury and pray:

That the Plaintiffs be awarded damages and other remedies available under the law, including but not limited to compensatory damages and treble damages in accordance with the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101 et seq. against Defendant Bankers Life in an amount determined by a fair and impartial jury at trial;

That Plaintiffs be awarded attorney's fees as provided for in accordance with the Tennessee Consumer Protection Act, Tenn. Code Ann. §47-18-101 et seq.;

That Plaintiffs be awarded pre and post judgment interest as provided by law;

That the costs of this action be charged to the Defendant Bankers Life; and

That Plaintiffs have such other and further relief as the Court deems just and proper.

Respectfully submitted,

WALDROP & HALL, P.A.

By: _____
Wesley A. Clayton (#10406)
Jay G. Bush (#026222)
Attorneys for the Plaintiffs
106 South Liberty Street
Post Office Box 726
Jackson, Tennessee 38302
(731) 424-6211

## COST BOND

We acknowledge ourselves as surety for the costs of this cause not to exceed $1,000.00.

_____
Wesley A. Clayton